UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JONATHAN BRADLEY,

              Plaintiff,              04 Civ. 8411

  -against-                              OPINION

ALEXIS JUSINO, et al.,

              Defendants.

------------------------------------X

APPEARANCES:

    Attorneys for Plaintiff

    JAMES I. MEYERSON, ESQ.
    396 Broadway, Suite #601
    New York, NY 10013

    JEFFREY ROTHMAN, ESQ.
    315 Broadway, 2nd Floor
    New York, NY 10007

    Attorneys for Defendant

    MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    100 Church Street
    New York, NY 10007
    By: Dara L. Weiss, Esq.
        Elizabeth W. Dollin, Esq.

**Sweet, D.J.**

Plaintiff Jonathan Bradley ("Bradley" or the "Plaintiff") has applied for certification of a question to the United States Court of Appeals for the Second Circuit. Plaintiff's application, which this Court treats as a motion seeking immediate appeal pursuant to 28 U.S.C. § 1292(b), is denied.

**Prior Proceedings**

The parties' familiarity with the facts and prior proceedings is assumed. In brief, this action was initiated by Bradley on October 26, 2004, when he filed a complaint asserting, inter alia, a claim of false arrest against Defendant Alexis Jusino ("Jusino" or the "Individual Defendant"), the officer who arrested him in Washington Square Park at the close of an anti-war demonstration on March 22, 2003, as well as claims against various supervisory officers, and the City of New York. Following trial, the jury returned a verdict for Bradley with regard to his false arrest claim, but found that Jusino was entitled to qualified immunity. This Court's

1

February 12, 2008, opinion granted in part Plaintiff's motion for a new trial, ordering a re-trial of both the qualified immunity defense and Plaintiff's false arrest claim. Bradley v. Jusino, 2008 U.S. Dist. LEXIS 11558 (S.D.N.Y. Feb. 12, 2008). In its August 15, 2008, opinion, Plaintiff's application for reconsideration was denied. Bradley v. Jusino, 2008 U.S. Dist. LEXIS 64180 (S.D.N.Y. Aug. 15, 2008). The instant motion was heard on October 8, 2008, after a fulsome exchange of correspondence.

Plaintiff asks the Court to certify the following question:

> Whether as a post trial corrective remedy for its error in tendering a substantive qualified immunity instruction to a jury, the Court is, as a matter of law, required to defer to the jury's evidentially and legally supported and unchallenged resolution of the fact disputes and credibility assessments which are encompassed in its verdict on the constitutional claim itself and is required to conclude that, as a matter of law and on the identical record evidence offered by the Defendant law enforcement officer to justify a qualified immunity defense as was offered by the Officer and rejected by the jury on the underlying constitutional claim itself, there is, as a matter of law, no "arguable probable cause" to trigger a legally sustainable qualified immunity defense for the Defendant arresting Officer's probable cause lacking unconstitutional arrest of the Plaintiff arrestee, particularly where, as here, the Defendant arresting Officer defaulted on his affirmative procedural obligation to identify a fact dispute linked to the defense itself and which was not otherwise encompassed in the resolution of the claim itself, the Defendant arresting Officer's default of which, as a matter of law, precludes him from receiving any favorable inference benefit in the context of a post verdict

2

remedy for the error related to the qualified immunity defense.

Application to Certify a Question to the United States Court of Appeals for the Second Circuit at 1-2.

**Certification is Denied**

The requirements for interlocutory review are governed by 28 U.S.C. § 1292(b). Section 1292 grants the district court discretion to issue interlocutory orders presenting "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, certification is only appropriate where "exceptional circumstances . . . justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). It "is not intended as a vehicle to provide early review of difficult rulings in hard cases." In re Citigroup Pension Plan ERISA Litig.,

No. 05 Civ. 5296 (SAS), 2007 U.S. Dist. LEXIS 27004, at *7-8 (S.D.N.Y. Apr. 4, 2007) (quoting In re Levine, No. 03 Civ. 7146 (NRB), 2004 U.S. Dist. LEXIS 6025, at *2 (S.D.N.Y. Apr. 9, 2004)). In applying the § 1292(b) standard, courts have maintained that "the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and clearly without having to study the record.'" In re Worldcom, Inc., No. M-47 (HB), 2003 U.S. Dist. LEXIS 11160, at *29 (S.D.N.Y. June 23, 2003) (quoting Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000)).

The criteria for certifying a question under § 1292(b) "are conjunctive, not disjunctive. 'The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'" Ahrenholz, 219 F.3d at 676 (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991)). See also 19 James Wm. Moore, et al., Moore's Federal Practice, § 203.31[1] (3d ed. 2008) ("[I]n practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under 28 U.S.C. § 1292(b)

4

uniformly cite all three of the elements as being present in any particular case.").

In this application, Plaintiff asks the Court to certify a question to the Court of Appeals that encompasses more than one legal issue. However, Plaintiff has not cited any cases, but rather allegedly differing interpretations arising out of concurring and dissenting opinions from the Court of Appeals. Plaintiff's claim that the Court's ruling was incorrect, without more, "does not demonstrate a substantial ground for difference of opinion." Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Neither does the Court of Appeal's failure to authoritatively address a question of law establish grounds for certification. See Williston v. Eggleston, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006).

In addition, Plaintiff's formulation of the issues relies heavily on the facts established at trial. Any review by the Court of Appeals of the question as presented would require a fact-intensive review of the record to determine whether this Court's order to vacate the jury's verdict was proper.

5

## Conclusion

For the reasons set forth above, Plaintiff's application to certify a question for immediate appeal is denied.

It is so ordered.

New York, N.Y.
October /3 , 2008

ROBERT W. SWEET
U.S.D.J.