UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JONATHAN BRADLEY,

                Plaintiff,          04 Civ. 8411

   -against-                           OPINION and
                                             O R D E R

NEW YORK CITY POLICE OFFICER
ALEXIS JUSINO,

                Defendant.

------------------------------------X

**Sweet, D.J.**

On May 6, 2009, Defendant Alexis Jusino ("Jusino" or "Defendant") filed a motion to stay the proceedings pending appeal of this Court's May 4, 2009 opinion denying Defendant's motion for judgment as a matter of law on the issue of qualified immunity. Plaintiff Jonathan Bradley ("Bradley" or "Plaintiff") opposes Defendant's request and urges the Court to instead certify Jusino's appeal as frivolous and proceed with the trial on damages.

As the record in this case makes clear, the difficulties in litigating qualified immunity are manifold. Pursuant to the judge-made "collateral order doctrine,"

which dictates that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment," Defendant has already filed a notice of appeal in the Court of Appeals for the Second Circuit seeking review of this Court's denial of qualified immunity.  Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); see also Will v. Hallock, 546 U.S. 345, 349 (2006) ("The collateral order doctrine, identified with Cohen v. Beneficial Industrial Loan Corp., is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it." (internal citation and quotation omitted)).

In seeking a stay, Defendant assumes that this Court retains its jurisdiction to proceed with trial pending appeal, which is indeed the typical course when an appeal is taken pursuant to the collateral order doctrine. See City of New York v. Beretta U.S.A. Corp., 234 F.R.D. 46, 50 (E.D.N.Y. 2006) ("Precisely because the issues raised in such appeals are separate from the merits of the underlying litigation, appeals under the collateral order doctrine do not generally divest the district court of

1

jurisdiction over issues not under consideration in the appeal."). However, in the context of qualified immunity where "an immediate appeal is necessary to vindicate the right not to be sued in derogation of fundamental constitutional guarantees," In re World Trade Center Disaster Site Litig., 469 F. Supp. 2d 134, 140 (S.D.N.Y. 2007), courts, including those in this District, have applied a "dual jurisdiction" rule under which an appeal of the denial of qualified immunity under the collateral order doctrine "divests the district court of jurisdiction to proceed with the trial unless the district court certifies" the appeal as frivolous.[1] Beretta, 234 F.R.D. at 51 (listing courts that have adopted this approach); see also Palmer v. Goss, No. 02 Civ. 5804 (HB), 2002 WL 22519454, at *1 (S.D.N.Y. Nov. 5, 2003). Therefore, unless this Court certifies Defendant's appeal as frivolous, this Court lacks jurisdiction to proceed with a trial on damages.[2]

---

[1] It is not clear to the Court whether in the unique circumstances of this case, where the Court has already found, as a matter of law, that a constitutional violation has occurred, the right not to be tried compels the divesture of jurisdiction in the same way as if the appeal were being undertaken to avoid trial to determine whether Bradley's arrest was unconstitutional. However, the Court finds that a trial on damages is sufficiently tied to the "right not to be tried" as to trigger the "dual jurisdiction" rule.

[2] Citing to In re World Trade Center Disaster Site Litig., 503 F.3d 167 (2d Cir. 2007), Defendant applies the four factors typically considered in determining whether a stay pending appeal is appropriate to argue that this Court should stay the proceedings. The procedural posture in that case is, however, distinguishable from the instant case in that the Court of Appeals applied the four factors to vacate a stay granted by the Court of Appeals itself in light of the lower court's decision

2

In seeking such an order, Plaintiff cites the Honorable Jack Weinstein, who offers the following justification for a district court retaining jurisdiction over a frivolous appeal:

> A defendant raising a meritless claim of a right not to stand trial cannot be permitted to significantly delay and disrupt the course of the litigation, imperiling both the rights of the plaintiff and the interest in judicial economy generally served by application of the final judgment rule.

Beretta, 234 F.R.D. at 51 (citation omitted). However tempting it may be for the Court to borrow Judge Weinstein's characterization to describe Defendant's appeal as "meritless," given the constitutional significance of the right not to be tried and the myriad challenges qualified immunity has presented on this record, this appeal cannot be considered frivolous.

Accordingly, Defendant's request for a stay is denied as moot, as the Court finds it lacks jurisdiction to

---

to proceed with pretrial proceedings. Id. at 169-71. In vacating the stay and restoring the district court's jurisdiction, while at the same time retaining its jurisdiction to decide the appeal from the motion to dismiss, the Court of Appeals declined to address "the jurisdictional challenges and immunity claims without a thorough consideration of the substantial issues presented to us." Id. at 170.

3

proceed with the damages trial in light of Defendant's interlocutory appeal.

        It is so ordered.

**New York, N.Y.**
**May** 18, **2009**

                                              ROBERT W. SWEET
                                                  U.S.D.J.

4